**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

vs.                                                            Case No. 8:02-CR-329-T-17EAJ

JOAQUIN MARIO VALENCIA-TRUJILLO

_____/

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

THIS CAUSE is before the Court on the Report and Recommendation entered on June 23, 2005, by Magistrate Judge Elizabeth A. Jenkins, (Dkt. 126), Defendant, Joaquin Mario Valencia-Trujillo's, Objections thereto, (Dkt. 141), and United States of America's Objections (Dkt. 144). The Court also has before it the Defendant's Response in Opposition to the Government's objections (Dkt. 155). After reviewing the Report and Recommendation, and considering the Objections of both parties, the Court adopts the Report and Recommendation.

**I.  Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(c), a party may file written objections to the findings of a Magistrate Judge within ten (10) days of being served with the Report and Recommendation. The District Judge shall make a <u>de novo</u> review of those portions of the Report and Recommendation to which the objections are made. <u>See</u> <u>Gropp v. United Airlines, Inc.</u>, 817 F.Supp. 1558, 1561 (M.D.Fla.1993). The District Judge must evaluate portions of the Report and Recommendation not objected to under a clearly erroneous standard of review. <u>See</u> <u>id.</u> at 1562.

**II.  Background**

The factual background of this matter has been thoroughly recounted in the Report and Recommendation, and, as no objection has been raised to that portion of the Report and Recommendation and there is no clear error in the factual background described therein, the

1

CASE NO. 8:02-CR-329-T-17EAJ

Court hereby adopts the factual background contained in the Report and Recommendation as its own.

        This Court referred "Defendant Joaquin Maria Valencia-Trujillo's Motion to Enforce Rule of Specialty" (Dkt. 67) to Honorable Elizabeth A. Jenkins, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Rule 6.01(b), M.D. Fla., for proceedings, consideration, and issuance of a Report and Recommendation (Dkt. 93).  Magistrate Judge Jenkins held a hearing based on the undersigned's referral of Defendant's Motion.  On June 23, 2005, Magistrate Judge Jenkins entered a Report and Recommendation on the above-mentioned motion. (Dkt. 126). Within the Report and Recommendation, in pertinent part, Magistrate Judge Jenkins recommended that Defendant's motion be denied in part and granted in part.   In particular, Magistrate Judge Jenkins recommended that:

> (1)     Defendant's Motion to Enforce Rule of Specialty (Dkt. 67) be GRANTED to the extent that the court should order the Government to redact all references to Defendant's pre-December 17, 1997 actions listed as predicate acts in Count III of the Indictment, specifically predicate acts 1-26.  The Government must prove the essential elements of a continuing criminal enterprise based on predicate acts 27–37.  It is further recommended that the court adopt the three proposals advanced by the Government[1] and, in addition, provide the jury with the limiting

_____

[1]The Government made the following three proposals in its Amended Response to Defendant's Motion to Enforce Rule of Specialty (Dkt. 97):
> First, the United States will request that the Court charge the jury that it cannot find the defendant guilty of any of the offenses unless it finds that the charge has been proved beyond a reasonable doubt with evidence of defendant's conduct that occurred after December 17, 1997. Second, we will request the Court to use a special verdict form to ensure that any finding of guilt is consistent with that special instruction. Finally, in the event of a conviction, the United States will request at the sentencing hearing that the Court impose any sentence based solely upon the post-December 17, 1997, proof at trial.

2

CASE NO. 8:02-CR-329-T-17EAJ

        instruction discussed herein[2] at the beginning as well as at the conclusion
of the trial;

(2)      Defendant's Motion to Enforce Rule of Specialty (Dkt. 67) be otherwise
DENIED.

On July 15, 2005, the Defendant filed his Objection to the Report and Recommendation,
(Dkt. 141), and the Government also filed an objection that same day.  Defendant has further
filed a Response in Opposition to "Government's Objections to the Magistrate Judge's Report
and Recommendation."  (Dkt. 155).

## III. Discussion

As both parties have raised objections to portions of the Report and Recommendations,
the Court will examine each objection in turn.  Neither party has objected to the magistrate
judge's description of general principles of extradition law or the doctrines of specialty and dual
criminality.  Finding no clear error in that discussion, this Court hereby adopts the descriptions
contained in the Report and Recommendation as its own.

### A. Defendant's Objections

Defendant first objects to that portion of the Report and Recommendation "in which the
court denied defendant's argument that the rule of dual criminality prohibits his prosecution
under 18 U.S.C. § 2, the federal aiding and abetting statute."  (Dkt. 141).  The doctrine of dual
criminality generally requires that extradition be limited to those instances in which the alleged
conduct is considered a serious offense in both surrendering and requesting countries.  Gallo-

---

[2]The magistrate judge's discussion of the limiting instruction refers to a Pinkerton
instruction:

      In Pinkerton v. United States, 328 U.S. 640, 647-48 (1946), the Supreme Court
      held that a co-conspirator could be guilty of a substantive offense even though he
      did no more than join the conspiracy, provided that the offense was reasonably
      foreseeable and was committed in furtherance of the conspiracy. Instructing juries
      on this concept is known as a Pinkerton instruction.

As discussed in the Report and Recommendation, the limiting instruction would follow the
Government's proposal with additional emphasis on the limitation by providing it to the jury not
only as jury deliberations begin but also at the very beginning of the trial.

CASE NO. 8:02-CR-329-T-17EAJ

Chamorro v. U.S., 233 F.3d 1298, 1306 (11th Cir. 2000).  Further, in extradition proceedings, a surrendering country may not extradite someone for acts which that country does not consider criminal.  U.S. v. Gallo-Chamorro, 48 F.3d 502, 507 (11th Cir. 1995).  At the same time, however, once some of the conduct alleged is determined to be criminal in the surrendering nation, and a defendant is extradited on the basis of that conduct, the receiving nation may prosecute a defendant in accordance with its laws.  Gallo-Chamorro, 233 F.3d at 1308.

Despite Defendant's assertion "that the only authority addressing this issue" is "a district court in the Southern District of Florida," Defendant fails to distinguish the present case from persuasive precedents cited in the Report and Recommendations from the United States Court of Appeals for the Eighth Circuit, or even that cited from the Supreme Court of the United States.[3] Magistrate Judge Jenkins correctly followed the Supreme Court in observing that 18 U.S.C. § 2 "applies to the entire criminal code and need not be referred to in an indictment."  It is certainly well-settled that, when there is no binding precedent on a particular question in one's own circuit court of appeals, the holdings of other circuits may be instructive.  Despite Defendant's suggestion to the contrary, the magistrate judge has not simply agreed with the Government's argument in this regard, but has properly supported her conclusions based on both binding and persuasive precedent, and the Court agrees with her conclusions in this regard.

The Court further notes that the Defendant, in objecting to the Report and Recommendation,  failed to distinguish the magistrate judge's quotation from the Defendant's own exhibit, in which the Colombian Supreme Court of Justice refers to the continuing criminal enterprise charge along with the drug-trafficking and money laundering charges, and concludes that "the above mentioned association to commit crimes regarding commitment of . . . narco-

---

[3]The Report and Recommendation appropriately cites several cases in support of this finding.  See Nye & Nissen v. U.S., 336 U.S. 613, 620 (1949) (stating that the statute "states a rule of criminal responsibility for acts which one assists another in performing"); U.S. v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992) (declaring that the aiding and abetting statute "does not create a separate crime; instead, it makes the listed actions a primary violation of another, specific crime"); U.S. v. Thirion, 813 F.2d 146, 151 (8th Cir. 1987) (affirming that, even when the statute is not charged in an indictment, a jury may still be instructed on the theory of aiding and abetting).

4

CASE NO. 8:02-CR-329-T-17EAJ

trafficking and assets laundering" are punishable under Colombian law, that sentences for such crimes are increased "for those who organize, encourage, promote or lead, constitute or fund association to commit crimes," and finally finds the charges "complying with the principle of double incrimination regarding the same." (Dkt. 126, quoting Def. Exh. E at 14). The Colombian Supreme Court of Justice having found no issue of dual criminality itself, and having failed to specify any concern regarding 18 U.S.C. § 2 in this case, this Court similarly finds no bar to the use of 18 U.S.C. § 2 as a theory of liability and not a separate crime in this case, and, thus, adopts the conclusions of the magistrate judge in this regard.

Defendant further objects to that portion of the Report and Recommendation "in which the magistrate judge reasoned that the rule of specialty did not require redaction of the conspiracy counts . . . to reflect an alleged starting date of December 17, 1997, as opposed to '[f]rom an unknown date which was later than 1988, and continuing to the present.'" (Dkt. 141). Defendant asserts that, "[b]ecause extraditions for pre-December 17, 1997 conduct were not permitted under any circumstances under Colombian law," the United States is "not permitted to prosecute Colombian citizens for such conduct under any theory." (Id.) Defendant asserts that the magistrate judge's recommendations regarding special jury instructions and an accompanying jury form "do not go far enough."

Defendant acknowledges that Colombia granted extradition in this case for "five specific post-December 17, 1997 acts the United States identified in its extradition request." (Dkt. 141). Similarly, the Government acknowledges that the jury should be instructed "that it cannot find the defendant guilty of any of the offenses unless it finds that the charge has been proved beyond a reasonable doubt with evidence of defendant's conduct that occurred after December 17, 1997." (Dkt. 97).

Defendant emphasizes that the Colombian extradition order limits judgment in this case only to acts performed after December 17, 1997, and that Colombian documents declare that he "'may not be tried or convicted for a prior act . . . .'" (Dkt. 141) (quoting Def. Ex. J (emphasis added by Defendant)). In this regard, Defendant seems to misapprehend the distinction between prosecution of charges pursuant to an extradition order and evidence of prior acts which

5

CASE NO. 8:02-CR-329-T-17EAJ

may—or may not—appropriately be considered under the Federal Rules of Evidence.  Fed. R. Evid. 403, 404(b).  Federal Rule of Evidence 404(b), for example, lists several permissible uses of evidence of "other crimes, wrongs, or acts."  Id.  A jury, then, weighs such evidence, if admitted, in judging the acts for which a defendant currently is charged; it does not convict *for* the prior acts.  Defendant correctly notes that the Government "is limited to offering evidence relevant only to [the five specific] instances of criminal conduct," but it is the Court, not Defendant, that determines, at the appropriate time, whether particular evidence is relevant.  Further, as ably demonstrated by the magistrate judge, the doctrine of specialty may limit charges but has no affect on admissibility of evidence at trial.  See Gallo-Chamorro, 233 F.3d at 1307 (reaffirming the Eleventh Circuit's earlier ruling that principles of international law such as the specialty doctrine cannot be understood as permitting intrusion by foreign authorities into another nation's rules of evidence or procedure).  Similarly, specialty does not require exact uniformity between the charges listed in an extradition request and the ultimate indictment, but only that the prosecution be based on the same facts as those contained in the extradition request.  Id. at 1305.

Redacting predicate acts 1–26 in Count III of the indictment is sufficient to uphold the doctrine of specialty by eliminating any doubt regarding the specific crimes charged or for which Defendant faces prosecution.  Such redaction, however, does not preclude further consideration by the Court as to whether evidence of pre-December 17, 1997, acts is relevant and admissible in support of Defendant's prosecution for post-December 17, 1997, acts.

### B.  Government's Objections

The Government objects first to the recommendation that predicate acts 1–26 be redacted from Count III of the indictment.  As stated above, however, such redaction at this point is appropriate under the doctrine of specialty even though evidence of predicate acts 1–26 may yet be found to be admissible at trial.

The Government next objects to the recommendation that it must prove the essential elements of a continuing criminal enterprise based on predicate acts 27–36.  The Government

6

CASE NO. 8:02-CR-329-T-17EAJ

cites <u>United States v. Alvarez-Moreno</u>, 874 F.2d 1402, 1408–09 (11th Cir. 1989), and the annotations and comments to Eleventh Circuit Pattern Jury Instruction 88.1, in asserting that the recommendation "is not a correct statement of the law in the Eleventh Circuit and it is contrary to the relevant Eleventh Circuit Pattern Jury Instruction."  Although the Government's Objections offer no argument beyond the bare assertion and accompanying citations, it would appear from the Court's reading of the cited case and instruction that the Government is attempting to argue that, because <u>Alvarez-Moreno</u> noted that violations used to prove a continuing criminal enterprise "need not be charged or even set forth as predicate acts in the indictment," limiting the Government to predicate acts 27–36 would be improper.  <u>See id</u>. at 1408.  <u>Alvarez-Moreno</u>, however, predates the current extradition law in Colombia, and the current extradition law limits charges only to acts committed after December 17, 1997.  As discussed <u>supra</u>, however, this does not, standing alone, preclude consideration of relevance and admissibility of other acts.  Further, the Government itself, in responding to Defendant's motion, has already committed to requesting a jury instruction requiring that the jury find the charge proved beyond a reasonable doubt with evidence of defendant's conduct that occurred after December 17, 1997.  (Dkt. 97).  The Government also committed itself to requesting a special verdict form ensuring compliance with the limiting instruction.  Contrary to its apparent, though scant, argument objecting to this provision of the Report and Recommendation, the Government effectively agreed to the very requirements for proving guilt beyond a reasonable doubt based on predicate acts 27–36 that it now finds objectionable, and it did so long before the Report and Recommendation was written.

As to all portions of the Report and Recommendation not objected to by the Parties or otherwise addressed herein, the Court finds no clear error.  Accordingly, it is

CASE NO. 8:02-CR-329-T-17EAJ

**ORDERED** that the Report and Recommendation, (Dkt.45), be **ADOPTED** and incorporated by reference; and that the objections of both Defendant, (Dkt. 141), and Government, (Dkt. 144), be **OVERRULED**. The Clerk of the Court be **DIRECTED** to send out copies of the Report and Recommendation entered by Magistrate Judge Elizabeth A. Jenkins on June 23, 2005, (Dkt. 126), with this Order, to all parties and counsel of record.

**DONE and ORDERED** in Chambers in Tampa, Florida, on this 12th day of September, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

8