**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                       Case No. 8:02-CR-329-T-17EAJ

JOAQUIN MARIO VALENCIA-TRUJILLO

_____/

**ORDER**

THIS CAUSE is before the Court on motions from both parties (Dkt. 193 and 194) to reconsider this Court's Order Adopting the Magistrate Judge's Report and Recommendation entered on September 12, 2005 (Dkt 187).  The Court also has before it the Defendant's Response in Opposition to the Government's motion (Dkt. 198).  After reviewing again the Report and Recommendation, the objections thereto (Dkt. 141, 144, and 155), its Order adopting the Report and Recommendation, and considering the submissions of both parties with regard to its Order, for the following reasons the Government's motion for reconsideration is hereby **GRANTED** and the Defendant's motion for limited reconsideration is also **GRANTED**.

**I. Standard of Review**

A Motion to Reconsider in a criminal case must be considered as falling within Federal Rule of Criminal Procedure 36, which states, in pertinent part, the following:  "[T]he court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  This rule is considered analogous to Federal Rule of Civil Procedure 60(b), which states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representatives from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The parties, as will be seen below, both allege mistake or inadvertence on the part of this Court falling within the rules as appropriate matters for reconsideration.

CASE NO. 8:02-CR-329-T-17EAJ

## II. Background

The factual background of this matter as thoroughly recounted in the Report and Recommendation has previously been adopted by this Court as its own. (Dkt. 193). In adopting the Report and Recommendation, this Court also adopted the provisions for which the parties seek reconsideration in the current motions. In particular, the Government argues that this Court has adopted a Recommendation that is contrary to the law of the Eleventh Circuit and the relevant Eleventh Circuit Pattern Jury Instruction, asserting that this Court misunderstands the Government's position regarding certain evidence it intends to present regarding the continuing criminal enterprise charge contained in the indictment. (Dkt. 193). The Defendant argues that this Court has misunderstood the magistrate judge's reference to a limiting instruction as referring to a *Pinkerton* instruction rather than the limiting instruction included in three proposals offered earlier by the Government. (Dkt. 194).

## III. Discussion

### A. Government's Assertions.

Although the Government apparently re-argues in its motion for reconsideration issues already addressed by this Court, which would ordinarily be barred by the principle of res judicata, the Court notes that in its present motion the Government explains for the first time its argument which was apparently omitted inadvertently from the Government's original objections to the Report and Recommendation. Rather than assert a mistake on the part of the Court, however, the explanation offered in the present motion would appear at least to assert some other reason potentially justifying relief in part from operation of the order adopting the Report and Recommendation.

As noted in the subject Order, the Government offered no argument in support of its original objection to the recommendation that it must prove the essential elements of a continuing criminal enterprise based on predicate acts 27-36 as contained in Count III of the indictment beyond the bare assertion that the recommendation "is not a correct statement of the law in the Eleventh Circuit and it is contrary to the relevant Eleventh Circuit Pattern Jury

2

CASE NO. 8:02-CR-329-T-17EAJ

Instruction." (Dkt. 187, quoting Dkt. 144).  Having offered no argument explaining its objection, the Government provided nothing for the Court to misunderstand.  To the contrary, the Government left it to the Court to discern the reasons for the Governments objections.  In its present motion, however, the Government "maintains that any predicate act(s) proven at trial, <u>charged or uncharged</u>, that occurred between December 17, 1997 and August 22, 2002 (the date of the return of the present Indictment) can be used to satisfy the essential elements of the continuing criminal enterprise offense (Count Three)."  (Dkt. 193, emphasis in original).

As the key issue in the discussion of the doctrine of specialty in both the Report and Recommendations (Dkt. 126) and this Court's Order (Dkt. 187) was the effect of the extradition order limiting judgment only to acts performed after December 17, 1997, and the Government has now explained its intent only to seek to prove predicate acts that occurred after December 17, 1997, the Court can now consider what the Government failed to assert in its original objection.

The Government objected to the recommendation that it must prove the essential elements of a continuing criminal enterprise based on predicate acts 27–36, and asks the Court to reconsider its adoption of that recommendation.  The Government correctly cites <u>United States v. Alvarez-Moreno</u>, 874 F.2d 1402, 1408–09 (11th Cir. 1989), and the annotations and comments to Eleventh Circuit Pattern Jury Instruction 88.1, in support of its objection.  What is different in the present petition is that the Government has now explained that it seeks to prove offenses beyond those alleged as predicate acts 27-36 in Count III of the indictment but within the period allowed by the doctrine of specialty.  What remains to be seen, however, is whether the doctrine of specialty limits only the period from which evidence may be offered or if it limits the evidence itself.

> Despite Defendant's assertions to the contrary, as the Eleventh Circuit has observed:
>
> It is well settled in this circuit that the doctrine of specialty limits only the charges on which an extradited defendant can be tried; it does not affect the scope of proof admissible at trial for the charges for which extradition was granted, <u>see</u> [United States v. ]Puentes, 50 F.3d [1567, ]1576 [(11th Cir. 1995)], and it does not alter the forum country's evidentiary rules, <u>see</u> United States v. Archbold-Newball, 554 F.2d 665, 685 (5th Cir.1977). Addressing the specific issue in this case, we have

3

CASE NO. 8:02-CR-329-T-17EAJ

> in the past allowed the government to introduce evidence of uncharged drug and money laundering activities to obtain conspiracy convictions against extradited defendants. See United States v. Lehder-Rivas, 955 F.2d 1510, 1520 (11th Cir.1992).

U.S. v. Bowe, 221 F.3d 1183, 1191–1192 (11th Cir. 2000). Consequently, the Court finds unpersuasive the Defendant's attempt to analogize from Richardson v. United States, 526 U.S. 813 (1999), suggesting that the burden of proof for showing predicate acts transforms such acts from "evidence" in support of a charge into discrete "charges" themselves. Whether such acts "fall clearly on the 'charges' side of the charges versus evidence dichotomy" described by the Defendant in his response to the Government's motion to reconsider seems an academic exercise in light of the Eleventh Circuit decision just cited which was announced over one year after Richardson. It remains undisputed, as noted in the Report and Recommendation, "that the Government must prove the elements of each count through the use of post-December 17, 1997 evidence." (Dkt. 126). Accordingly, the Government's motion to reconsider is **GRANTED** to the extent that the Government is not limited to proving the continuing criminal enterprise charge solely based upon predicate acts 27–36 as contained in Count III of the indictment, but may, to the extent such evidence is otherwise admissible, seek to introduce evidence of other predicate acts consistent with the requested jury instruction requiring that the jury find the charge proved beyond a reasonable doubt with evidence of defendant's conduct that occurred after December 17, 1997. (Dkt. 97).

### B. Defendant's Assertion

The Defendant moves for limited reconsideration of the subject Order, to the extent that he disagrees with this Court's comment contained in footnote 2 on page 3 of the Order referring to the magistrate judge's discussion of a *Pinkerton* instruction rather than the limiting instruction included in three proposals offered earlier by the Government. (Dkt. 194). Consistent with the Report and Recommendations and this Court's Order, it is the intention of this Court to issue the instruction charging the jury that it cannot find the Defendant guilty of any of the offenses unless it finds that the charge has been proved beyond a reasonable doubt with evidence of the

4

CASE NO. 8:02-CR-329-T-17EAJ

Defendant's conduct that occurred after December 17, 1997, and to issue this instruction at the beginning as well as at the conclusion of the trial. To avoid any further misunderstanding, footnote 2 on page 3 of this Court's Order (Dkt. 187) is hereby amended so that the first line of the footnote reads as follows: "In addition to this limiting instruction, the Report and Recommendation also refers to a <u>Pinkerton</u> instruction: . . . ." All other text in the note remains unchanged.

Accordingly, it is

**ORDERED** that the Government's motion for reconsideration is hereby **GRANTED** to the extent described above, and that the Defendant's motion for limited reconsideration is similarly **GRANTED**.

**DONE and ORDERED** in Chambers in Tampa, Florida, on this 26th day of October, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

5