**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**,

       Plaintiff,

vs.                                           **Case No. 8:02-CR-329-T-17EAJ**

**JOAQUIN MARIO**
**VALENCIA-TRUJILLO**,

       Defendant.
_____/

**ORDER**

Defendant's **Motion to Prohibit the Government from Relying on Uncharged Predicate Acts and, in the Alternative, Defendant's Renewed Motion for Order Requiring the Government to Provide Notice of Uncharged Predicate Acts** (Dkt. 324), filed January 25, 2006, is before the court.[1]  The Government has not filed a response, and the response time has expired.

**I.  Factual Background**

On August 22, 2002, a federal grand jury sitting in the Middle District of Florida returned a four count indictment (the "Indictment"), charging Defendant with four felony offenses.  The Indictment asserts that Defendant is a member of the Cali Cartel, a Colombian drug trafficking organization.  All four counts allege that Defendant engaged in criminal conduct "[f]rom an unknown date which was no later than 1988, and continuing thereafter up to and

---

[1] The District Judge referred this motion to the undersigned on January 26, 2006.

including the date of this Indictment." Count I alleges that Defendant conspired to import cocaine into the United States. Count II alleges that Defendant conspired to possess cocaine with the intent to distribute it in the United States. Count III alleges that Defendant conducted a continuing criminal enterprise ("CCE"), and Count IV alleges that Defendant conspired to commit money laundering offenses.

In the motion currently before the court, Defendant moves to prohibit the government from relying on any uncharged predicate acts in support of Count III, the CCE count. Defendant's alternate argument is that the court should order the Government to provide Defendant with adequate notice of any uncharged predicate acts. Defendant requests this notice as soon as possible.

The court considers each of Defendant's requests separately.

## II. Defendant's Request to Prohibit the Government from Relying on Uncharged Predicate Acts

Defendant argues that the Government's reliance on uncharged predicate acts violates the rule of specialty, a doctrine of extradition law. In analyzing this issue, pertinent portions of the District Judge's October 26, 2005 Order (Dkt. 217) must be reviewed. In granting in part the Government's motion to reconsider the Order Adopting the Magistrate Judge's Report and Recommendation (Dkt. 187), the court held:

> Accordingly, the Government's motion to reconsider is granted to the extent that the Government is not limited

>       to proving the continuing criminal enterprise charge
>       solely based upon predicate acts 27-36 as contained in
>       Count III of the indictment, but may, to the extent such
>       evidence is otherwise admissible, seek to introduce
>       evidence of other predicate acts consistent with the
>       requested jury instruction requiring that the jury find
>       the charge proved beyond a reasonable doubt with evidence
>       of defendant's conduct that occurred after December 17,
>       1997.

(Dkt. 217, p.4)

The District Judge held that the Government is not limited to proving the CCE charge based only the predicate acts listed in the Indictment.  Therefore, the first part of Defendant's motion seeks relief that the District Judge already has considered and denied, and this portion of Defendant's motion is denied as moot.[2]

**III. Defendant's Request for Advanced Disclosure of Uncharged Predicate Acts**

Defendant also seeks an order requiring the Government to provide advance notice of the uncharged predicate acts upon which the Government intends to rely at trial.  As stated above, the Government has had the opportunity to respond to Defendant's motion and has not.  Therefore, the Government is deemed to have no objection to the relief Defendant requests.  <u>See</u> Local Rule 3.01(b), M.D. Fla.

Count III charges a continuing criminal enterprise; to prove

---

[2] Defendant also argues that permitting the Government to rely on uncharged predicate acts would unconstitutionally amend the indictment in violation of the Fifth Amendment's Grand Jury Clause. However, Defendant does not develop this conclusory argument and this court declines to develop it for him.

that charge, the Government must establish certain predicate acts which are crimes.  The Government has indicated that it may rely on uncharged criminal acts to prove Count III.  Given the complexity of this case and in order to afford the defendant a full and fair opportunity to prepare for trial, this court finds it appropriate to require disclosure by the Government of any uncharged predicate acts no later than 90 days prior to trial.[3]  This case is currently set for trial on June 5, 2006.  Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED**:

(1) Defendant's **Motion to Prohibit the Government from Relying on Uncharged Predicate Acts and, in the Alternative, Defendant's Renewed Motion for Order Requiring the Government to Provide Notice of Uncharged Predicate Acts** (Dkt. 324) is **granted to the extent that** no later than 90 days prior to trial, the Government shall provide the Defendant notice of any uncharged predicate acts that the Government intends to rely on at trial to establish Count III; and

(2) all other relief requested in the motion is denied.

**DONE** and **ORDERED** in Tampa, Florida on this 1st day of March, 2006.

---

[3] To the extent that any uncharged predicate acts in Count Three also qualify as Rule 404(b) evidence, the 90 day deadline shall apply rather than any shorter deadline prescribed under the Standing Discovery Order.

4


_____
ELIZABETH A JENKINS
United States Magistrate Judge