**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**,

   Plaintiff,

vs.                                                                         **Case No: 8:02-CR-329-EAK-EAJ**

**JOAQUIN MARIO VALENCIA-TRUJILLO**,

   Defendant.
_____/

**O R D E R**

Before the court are **Defendant's Motion for Reconsideration of Order (Dkt. 342)** (Dkt. 360), filed March 16, 2006, **Government's Response to Defendant's Motion for Reconsideration of Order (Dkt. 342)** (Dkt. 373), filed April 3, 2006, and **Defendant's Motion for Leave to File Reply to Government's Response** (Dkt. 384), filed April 14, 2006.

In his motion for reconsideration, Defendant asks the court to reconsider its order of March 1, 2006 (Dkt. 342), granting in part and denying in part Defendant's motion to prohibit the Government from relying on uncharged predicate acts and, in the alternative, Defendant's renewed motion for order requiring the Government to provide notice of uncharged predicate acts (Dkt. 324). Defendant did not appeal or otherwise object to the court's March 1, 2006 order.

Reconsideration of a previous order is an extraordinary remedy, one that is reserved for those instances where the facts or law are so strongly convincing as to induce the court to reverse its prior decision. Ludwig v. Liberty Mut. Fire Ins. Co., No. 03-CV-2378-T, 2005 WL 1053691, at *3 (M.D. Fla. Mar. 30, 2005) (citations omitted). Courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. Fla. Coll. of Osteopathic Med., Inc. v.

Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (citing Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981)).

In the instant motion to reconsider, Defendant submits that the court's order, to the extent that it denied Defendant's motion to prohibit the Government from relying on uncharged predicate acts, was clearly erroneous or contrary to law. However, Defendant does not argue that there has been an intervening change in controlling law, present previously unavailable evidence, or show that reconsideration is necessary to correct clear error or manifest injustice. Rather, Defendant essentially objects to the court's findings in its March 1, 2006 order and makes many of the same arguments that the court considered in issuing that order. Defendant's disagreement with the court's application of controlling law is not an adequate reason for the court to reconsider its prior ruling. See Ludwig, 2005 WL 1053691, at *3 ("This court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the court previously found lacking.") (citations omitted).

It is therefore **ORDERED** and **ADJUDGED** that:

(1) **Defendant's Motion for Leave to File Reply** (Dkt. 384) is **DENIED**.

(2) **Defendant's Motion for Reconsideration of Order (Dkt. 342)** (Dkt. 360) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida this 17th day of April, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge