**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

vs.                                                                CASE NO. 8:02-CR-329-T-17-EAJ

JOAQUIN MARIO
VALENCIA-TRUJILLO
                                        /

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge Elizabeth A. Jenkins, on June 26, 2006 (Docket No. 543). After holding several evidentiary hearings, the Magistrate Judge issued her R&R on the following motions: 1) Defendant's Emergency Motion for Hearing on Return of Defense Discovery Documents Illegally Seized; Motion for a Protective Order; Motion for Sanctions for Violation of Attorney Work-Product Privilege and Rule 16 (Docket No. 349); 2) Defendant's Second Amended Motion to Dismiss the Indictment (Docket No. 528); and 3) Defendant's Motion for Sanctions for Noncompliance with Court's Order to Provide Notice of Obtaining Statements and Documents from a Defense Investigator (Docket No. 520).[1]

The Magistrate Judge recommended that: 1) all of the motions before her (Docket Nos. 528, 394, and 520) be denied to the extent that the defendant sought dismissal of the indictment or recusal of the Tampa Division of the U.S. Attorney's for the Middle District of Florida; 2) U.S. Attorneys Stephen Muldrow and Robert Mosakowski, Drug Enforcement Administration (DEA) Agent Rick Greer, DEA Investigative Analyst Alfredo Valdez, Federal

---

[1] The defendant's motion to dismiss (Docket No. 403) and amended motion to dismiss (Docket No. 418) were superceded by the second motion to dismiss. Those motions are denied as moot.

CASE NO. 8:05-CR-336-T-17-MSS

Bureau of Investigation (FBI) Agent Greg Brindza, and Immigration and Customs Enforcement Special Agent Alan Childers be prohibited from any future involvement in the prosecution of this case, including any de minimus matters as set out in the R&R; and 3) U.S. Attorney Paul Perez be ordered to promulgate, within the next 30 days, a written protocol to be followed by his office in all future cases regarding the requirements for setting up, appointing, and operating a "taint team" as set out in the R&R.

The defendant filed objections to the report and recommendation dated June 26, 2006, and, further, made a request for oral argument on those objections (Docket No. 551). The government did not file any objections.

## STANDARD OF REVIEW

When a party makes a timely and specific objection to a finding of fact in the report and recommendation, the district court should make a de novo review of the record with respect to that factual issue. 28 U.S.C. § 636(b)(1); **U.S. v. Raddatz**, 447 U.S. 667 (1980); **Jeffrey S. v. State Board of Education of State of Georgia**, 896 f.2d 507 (11th Cir. 1990). However, when no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard. **Gropp v. United Airlines, Inc.,** 817 F.Supp. 1558, 1562 (M.D. Fla. 1993).

## DISCUSSION OF OBJECTIONS

The defendant filed three objections to the R&R and ultimately asks the Court to dismiss the indictment in this case. The objections filed are:

> 1. The Honorable Court completely ignored and was incorrect in ignoring the indisputable and definitive proof of AUSA Joseph Ruddy's invasion into the alleged "taint team" thereby causing a "substantial threat thereof" of prejudice.
>
> 2. The Honorable Court completely ignored the implications of a "substantial threat

CASE NO. 8:05-CR-336-T-17-MSS

>thereof" of prejudice and was incorrect in concluding that the government's conduct did not constitute a violation of a Fifth Amendment Due Process Claim.
>
>3. The Honorable Court was incorrect when it determined the information obtained by AUSA Ruddy from James Gahan on April 29, 2006, was not directly relevant to the allegations contained within the indictment.

OBJECTION 1:  In support of the first objection, the defendant asserts that at the June 23, 2006, hearing it presented "indisputable and definitive evidence" to the Magistrate Judge that AUSA Ruddy "provided information to the court that AUSA Ruddy could have <u>ONLY</u> gotten from the allege (sic) 'taint team' and AUSA Muldrow."  Further, the defendant states that the Magistrate Judge "completely ignored" that evidence, which they claim "conclusively proved that AUSA Ruddy had direct conversations with the alleged 'taint team' and gain (sic) prejudicial information or a substantial threat thereof."

     The defendant attacks various statements made by AUSA Ruddy as fabricated and manufactured because they do not appear in the FBI's 302's produced by Special Agent Huff, and contributed to by Special Agent Schleigh, and the FBI 302 produced by Special Agent Brindza.  There was no assertion from the promulgators that the FBI 302s were verbatim transcripts of the meetings in question.  In fact, to the contrary, they were stated to be summaries of what the special agents who produced them remembered from the meetings.  The fact that Mr. Ruddy has a separate recollection is not "indisputable and definitive evidence" that the statements were "fabricated or manufactured" or that the information could only have been obtained from the "taint team" or Mr. Muldrow.

     Several of the statements the defendant attacks in the first objection go to statements made by Mr. Ruddy as to some procedural matters, i.e., time Mr. Muldrow spent with someone, how records were sealed, etc.  The statements under attack do not indicate that Mr. Ruddy obtained any prejudicial information, nor do they indicate a substantial threat thereof.

CASE NO. 8:05-CR-336-T-17-MSS

The Magistrate Judge conducted several hearing in this case on the matters which are the subject of her R&R. The Magistrate Judge was in the best position to judge the credibility of the witnesses and to compare the testimony of Mr. Ruddy in light of all the testimony accumulated. The Magistrate Judge specifically found that: "The preponderance of <u>credible evidence</u> indicates that none of the information contained in the Scott Documents was revealed to Ruddy or Chapa-Lopez or other members of the prosecution team" and that "the reasonable inference from the present record before the court is that the information possessed by the 'taint team', provided by Gahan after his initial interview, was not shared with either prosecutor Ruddy or Chapa-Lopez or the other members of the prosecution team." (emphasis added). The Court finds no reason to overturn the Magistrate Judge's credibility findings.

The Court has determined that the objections of the defendant in Objection 1 are not well-taken. The Court finds specifically that the evidence referenced by the defendant was not "'indisputable and definitive evidence' to the Magistrate Judge that AUSA Ruddy 'provided information to the court that AUSA Ruddy could have <u>ONLY</u> gotten from the allege (sic) 'taint team' and AUSA Muldrow." Nor does the Court find that the Magistrate Judge "completely ignored" that evidence, nor that the evidence "conclusively proved that AUSA Ruddy had direct conversations with the alleged 'taint team' and gain (sic) prejudicial information or a substantial threat thereof."

OBJECTION 2: In this objection, the defendant states that the Magistrate Judge incorrectly analyzed the *Ofshe* case, *United States v. Ofshe,* 814 F.3d 1508 (11th Cir 1987), because the pivotal issue in the *Ofshe* case was the fact that no information obtained from the government's action was disseminated to the prosecution team. This objection depends on the Court overruling the Magistrate Judge and finding that AUSA Ruddy obtained "privileged and protected material" from the "taint team". Since the Court has overruled that objection already, this objection is also overruled.

4

CASE NO. 8:05-CR-336-T-17-MSS

OBJECTION 3:  The last objection claims that the Magistrate Judge was incorrect in determining that the Gahan information was not directly relevant to the allegations of the indictment.  The Court finds no merit to this objection.  Even though money-laundering and illegal businesses and transactions may have been part of the indictment, they were not the money-laundering and illegal businesses and transactions which were allegedly the subject of the Gahan meeting.  The Gahan meeting went to new allegations of money-laundering and illegal businesses and transactions which were taking place currently and which were allegedly new criminal activities and which included new persons who may or may not have been involved in those alleged criminal activities.  This objection is overruled.

    The Court has reviewed the Report and Recommendation and made an independent review of the record.  The Court would like to commend the Magistrate Judge for the extremely fine job that was done in conducting the numerous hearings and in promulgating the Reports and Recommendations made, including the one presently under review.  This Court certainly agrees that there can be no winners in this situation, reputations have been sullied and this case has been muddied.  But the Court also agrees that, at this juncture, "the preponderance of credible evidence" does not clearly establish that the prosecution team was tainted.  Therefore, and upon due consideration, the Court concurs with the Report and Recommendation as follows. Accordingly, it is

    **ORDERED** that the request for oral argument be **denied**; the motion to dismiss (Docket No. 403) and amended motion to dismiss (Docket No. 418) are **denied as moot**; the Report and Recommendation, dated June 26, 2006 be **adopted** and **incorporated by reference**; and all the objections of the defendant be **overruled**.

CASE NO. 8:05-CR-336-T-17-MSS

Further, the Court orders: 1) that Defendant's Emergency Motion for Hearing on Return of Defense Discovery Documents Illegally Seized; Motion for a Protective Order; Motion for Sanctions for Violation of Attorney Work-Product Privilege and Rule 16 (Docket No. 349), Defendant's Second Amended Motion to Dismiss the Indictment (Docket No. 528), and Defendant's Motion for Sanctions for Noncompliance with Court's Order to Provide Notice of Obtaining Statements and Documents from a Defense Investigator (Docket No. 520) be **denied as recommended by the Magistrate Judge**; 2) that U.S. Attorneys Stephen Muldrow and Robert Mosakowski, Drug Enforcement Administration Agent Rick Greer, DEA Investigative Analyst Alfredo Valdez, Federal Bureau of Investigation Agent Greg Brindza, and Immigration and Customs Enforcement Special Agent Alan Childers be **prohibited from any future involvement in the prosecution of this case**, including any <u>de minimus</u> matters as set out in the Report and Recommendation; and 3) that U.S. Attorney Paul Perez is **ordered to promulgate**, within the next thirty (30) days, a written protocol to be followed by his office in all future cases regarding the requirements for setting up, appointing, and operating a "taint team" as set out in the Report and Recommendation.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 28th day of June, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record
Assigned Magistrate Judge
Cindy-Leigh Martin, CRD