**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

vs.                                                          CASE NO. 8:02-CR-329-T-17-EAJ

JOAQUIN MARIO VALENCIA-TRUJILLO
_____/

**ORDER GRANTING MOTION**

This cause is before the Court on the defendant's motion to present testimony of unavailable defense witnesses by contemporaneous video transmission and, in the alternative, motion to take depositions of foreign witnesses (Docket No. 671) and response thereto (Docket No. 673).

The Court first considers the request, in the alternative, to take depositions in Colombia. The Court agrees with the government's response that the security issues surrounding this trial and the risks associated with taking depositions in Columbia preclude this option. Therefore, the Court denies the motion to to take depositions of foreign witnesses in Columbia.

That leaves the request to present the testimony of certain defense witnesses by contemporaneous video transmission. The government sets out three factors which it maintains have to be considered prior to allowing such video conferenced testimony: (1) whether the witnesses are unavailable to testify live at trial; (2) whether the witnesses' testimony is material to the moving party's case; and (3) whether countervailing considerations exist such that allowing the foreign witness testimony via teleconfercing would cause injustice to the nonmoving party. *United States v Ramos*, 45 F.3d 1519, 1522-23 (11th Cir. 1995).


CASE NO. 8:02-CR-329-T-17-EAJ

As to the first factor, the Court has reviewed *in camera* information relevant to the issue of the unavailability of the proposed defense witnesses and concludes that the defendant has addressed this factor to the Court's satisfaction. The Court finds that the proposed witnesses are unavailable to testify at the site of the trial in Tampa, Florida.

In considering the second factor, the Court will addresses the materiality of the proposed witnesses with the defendant's counsel *in camera* and the Court will only allow those witnesses to testify that will provide "exculpatory and not merely corroborative or cumulative or other available evidence" as cited by the government. The Court agrees with the government that the defense must "explain to the court as precisely as possible what testimony he thinks the witness would give and how this testimony would be relevant to a material issue of guilt or innocence."

The last issue is the countervailing considerations for the government and whether allowing the video conferenced testimony would cause an injustice to the government. The government on this issue raises the risk of perjury without an available, realistic sanction for said perjury. The Court will provide an appropriate special instruction to the jury prior to the testimony of each video conferenced witness. Further, the Court can and will strike the testimony of any witness as a sanction for any proven perjury and the Court finds that sufficient sanctioning power to protect the government under the circumstances in this case. The Court does not find any of the other arguments of the government persuasive. The Court and the parties will overcome the issues such as using transcripts and recordings to cross-exam witnesses before the testimony is allowed. Accordingly, it is

CASE NO. 8:02-CR-329-T-17-EAJ

**ORDERED** that the defendant's motion to present testimony of unavailable defense witnesses by contemporaneous video transmission and, in the alternative, motion to take depositions of foreign witnesses (Docket No. 671) be **granted, in part, and, denied, in part,** in that the motion to take depositions is denied and the motion to present testimony of unavailable defense witnesses by contemporaneous video transmission is granted with the caveat that the Court will determine which proposed witnesses will be video conferenced and will set the rules and standards for the same prior to allowing the video conferenced testimony to be presented.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 22nd day of August, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All parties and counsel of record