## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                                       CASE NO. 8:02-CR-329-17-EAJ

**JOAQUIN MARIO VALENCIA-TRUJILLO.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Defendant's **Application to Proceed Without Prepayment of Fees and Affidavit**, which the court construes as a motion for leave to appeal in forma pauperis (Dkt. 1040). For the reasons stated below, it is **RECOMMENDED** that Defendant's motion be **DENIED**.

### Background

On August 18, 2010, Defendant filed a **Motion for the Production of Grand Jury Transcripts** (Dkt. 1024) pursuant to Rule 6(e)(3)(E), Fed. R. Crim. P. On September 29, 2010, the court denied Defendant's motion (Dkt. 1033). On October 4, 2010, Defendant filed a Notice of Appeal (Dkt. 1034), and on October 19, 2010, Defendant moved to appeal in forma pauperis. Defendant's motion to appeal in forma pauperis comes before the court as a result of Defendant's third motion to compel the production of grand jury transcripts. Defendant's first two motions were also denied (Dkts. 999, 1019).

In his latest motion to compel, Defendant seeks the disclosure of "any and all testimony of any person or persons appearing before the grand jury" (Dkt. 1024 at 6). Defendant claims that the transcripts are necessary to prepare three potential judicial proceedings: (1) a Habeas Corpus petition

seeking to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 (2006); (2) a <u>Bivens</u> action[1] based on alleged due process violations; and (3) an administrative challenge to his designation as a Specially Designated Narcotics Trafficker by the Office of Foreign Asset Control pursuant to 31 C.F.R. § 501.807 (2010).

Each of the three proposed proceedings are based on Defendant's claim that he was indicted based on misrepresentations in the affidavit of Agent Rodrick Huff ("Huff"). The alleged misrepresentations pertain to three of the thirty-six predicate acts in the indictment: (1) the September 20, 1998 smuggling venture; the February 15,1999 smuggling venture; and the February 16, 2000 smuggling venture. In each case, Defendant points to evidence that allegedly contradicts Huff's affidavit. For example, Defendant claims that Huff's affidavit regarding the September 20, 1998 smuggling venture is contradicted by: (1) records that list someone other than Defendant as the owner of the September 20 shipment; (2) inconsistencies in the Huff affidavit as to who received the drugs; and (3) information Huff received from a confidential informant.

## Discussion

Pursuant to 28 U.S.C. § 1915(a)(1) (2006), a court may authorize the commencement of an appeal without prepayment of fees by a person who submits an affidavit demonstrating an inability to pay such fees. However, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact, if the factual allegations are clearly

---

[1] The term "<u>Bivens</u> action" stems from the case <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). There, the United States Supreme Court recognized a non-statutory federal cause of action for damages against federal officials who violated an individual's constitutional rights. <u>Id.</u> at 397.

baseless, or if it is based on an indisputably meritless legal theory. Jackson v. Farmers Ins. Group, No. 09-15904, 2010 WL 3180268, at *1 (11th Cir. Aug. 12, 2010) (citations and internal quotation marks omitted).

A "court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). A party seeking access to grand jury material must show a particularized need for the material so that the secrecy of the proceedings can be lifted discretely and limitedly. Unites States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958). Specifically, the party seeking grand jury transcripts must show "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglass Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979). Such a showing must be made even after the grand jury has concluded its operation. Id.

Dismissal of an indictment is appropriate only if the violation "substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988) (citation and internal quotation marks omitted). The mere fact that evidence presented to a grand jury is unreliable is not sufficient to require dismissal of an indictment. Id. at 261. A court may not look behind the indictment to determine if the evidence on which it was based is sufficient. Costello v. United States, 350 U.S. 359, 363 (1956). Finally, even if an error had the potential to affect a grand jury's decision to indict a particular defendant, a petit jury's subsequent guilty verdict renders any error harmless beyond a reasonable doubt. United States v. Mechanik, 475 U.S. 66, 70

(1986).

Defendant seeks to challenge his indictment and extradition based on alleged misrepresentations in Huff's affidavit. However, according to the Government, Huff did not even testify before the grand jury (Dkt. 1018). Thus, Defendant cannot show a particularized need for the transcripts of all witness testimony before the grand jury in order to challenge his indictment on basis of Huff's alleged misrepresentations.

Furthermore, Defendant's proposed challenges to his indictment would necessarily fail. The fact that parts of Huff's affidavit might be unreliable cannot justify dismissing the indictment.[2] And even assuming Huff's alleged misrepresentations would have affected the grand jury's decision to indict Defendant, the petit jury considered all the evidence, and its subsequent guilty verdict renders any error harmless beyond a reasonable doubt.

Defendant's third motion to compel grand jury testimony is without an arguable basis in law or fact. Therefore, Defendant's appeal of the court's order denying his motion to compel is frivolous. There is no need to determine if Defendant has the ability to pay the required filing fees.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Defendant's **Application to Proceed Without Prepayment of Fees and Affidavit** (Dkt. 1040) be **DENIED**; and

(2) Defendant's appeal be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[2] Also, there is a doubt as to whether challenging an indictment based on alleged misrepresentations before a grand jury is even cognizable in a § 2255 proceeding, which is one of Defendant's proposed avenues for relief. See St. Pierre v. United States, No. 203CV360FTM29DNF, 2005 WL 2126955, at *2 (M.D. Fla. Sept. 1, 2005).

**Date: November 19th, 2010**

*/s/ Elizabeth S. Jenkins*
ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge